Charles H. BARNARD et al., Respondents,

v.

L. MURPHY, Doing Business As Allied Refrigeration, Appellant.

Gordon NEIL et al., Respondents,

v.

L. MURPHY, Doing Business As Allied Refrigeration, Appellant.

Nos. 49086, 49087.

Supreme Court of Missouri,

Division No. 1.

May 11, 1964.

Edwin Earnshaw, Kansas City, Donald C. Earnshaw, Lee's Summit, for appellant.

Foust & Lyons, Stephenson, Henry & Schollars, Kansas City, for respondents.

COIL, Commissioner.

A prior opinion in these consolidated cases (see Barnard v. Murphy, 365 S.W.2d 614) was set aside, the mandates recalled, and, after correction of the transcript, the cases were submitted on "Substitute Briefs." We have adopted some parts of the prior opinion without quotation marks.

Each of the plaintiffs in the above cases sought damages for the value of food which admittedly spoiled by reason of inadequate refrigeration while stored in lockers in a locker plant owned and operated by defendant and the amounts paid for the portion of the rental period during which such food was stored in said plant. In the first case, No. 49086, herein referred to as the "Barnard case," six of defendant's customers joined in one action under Civil Rule 52.05, V.A.M.R., each seeking to recover solely in his own behalf. In the second case, No. 49087, herein sometimes referred to as the "Neil case," three of defendant's customers instituted an alleged class action under the provisions of C.R. 52.08 in behalf of themselves and "all renters or lessees of locker space * * *." After the trial court ordered the cases consolidated they were tried to the court, resulting in a finding and judgment in favor of each of the six plaintiffs in the Barnard case in the aggregate amount of $873.89 and for 256 persons in the Neil case in the aggregate amount of $17,654.99. We have jurisdiction because the amount in dispute exceeds $15,000. Art. V, § 3, Mo.

Const., § 477.040. (All section citations herein refer to sections of RSMo 1959 and V.A.M.S.)

Appellant presently contends the trial court erred in holding the Neil case was a class action. As we understand, appellant assigns no error with respect to the judgment in the Barnard case, nor does he assign error with respect to the judgment in the Neil case in so far as it permits recovery by the "named plaintiffs." In brief, the only question on this appeal is whether under the pleadings and the evidence, the Neil case was properly a class action.

The essential facts are not in dispute. Sometime after January 1, 1959, defendant, after being duly licensed, established the locker plant involved at 228 West 75th Street, Kansas City. Shortly thereafter, lockers were rented to plaintiffs (including the 256 renters in the Neil case) herein, either on monthly or yearly contracts. In May 1959 the locker room temperature began to rise above the maximum levels fixed by the statute (section 196.485) applicable to the cold storage of food in individual lockers. That condition lasted for a period of six weeks. The meat and other foods became unfit for human consumption and were disposed of by defendant. Defendant concedes that all the persons on whose behalf named plaintiffs purported to bring a class action were entitled to the amount of damages awarded each such person if the case is properly a class action.

Aetna Casualty and Surety Company was joined as a defendant in the Neil case. The petition referred to the provisions of the locker plant act (§§ 196.450–196.515) and averred that pursuant to the requirements of section 196.510(2) thereof defendant had purchased and Aetna had issued its indemnity policy No. IMB 78223 which at all material times was in full force and effect; and "that the proceeds from said policy represent a common fund to which all members of the plaintiffs class are entitled."

Section 196.510(2) provides: "The operators of all locker plants shall furnish satisfactory locker content insurance to indemnify users against loss, issued by companies duly authorized and licensed to do and transact business in the state of Missouri, in a minimum amount for each locker or locker plant to be determined by the commissioner; provided, however, that such operator may, and is hereby authorized to, collect the pro rata amount of the premium for such insurance from the user in addition to the locker rental as an additional service."

Aetna's answer, inter alia, admitted that Murphy was the owner and operator of a locker plant which was under the control and regulation of the Missouri Commissioner of Agriculture and that section 196.510(2) required operators of locker plants to furnish satisfactory locker content insurance to indemnify users against loss; denied that defendant Murphy had the indemnity policy described in the petition; denied that such policy was in force and effect at the time in question; and denied that the proceeds from that policy represented a common fund to which the members of the plaintiffs' class were entitled.

Murphy's answer, in so far as here pertinent, averred that the action was "not properly a class action and that the right of plaintiffs to maintain same should be denied and those paragraphs of their petition which so state should be stricken * * *"; admitted that he as the owner and operator of the Allied Refrigeration had an indemnity policy with Aetna Casualty and Surety Company, No. IMB 78223, which policy was in full force and effect at all of the times mentioned in plaintiffs' petition; denied that the proceeds of that policy represented a common fund to which all the members of plaintiffs' class were entitled; and averred that the policy served "only to insure the named plaintiffs herein."

· When the cases came on for trial, plaintiffs with leave, over the objection of Aetna but without objection on the part of defendant Murphy, dismissed without prejudice as to Aetna.

Plaintiffs in their second amended petition on which the Neil case was tried, averred: "that this action is brought for and on behalf of themselves and all other renters or lessees of locker space of the Allied Refrigeration plant similarly situated, who are so numerous as to make it impracticable to bring them all before the court; that the right which is the subject of this action is several in nature; and that the object of this suit is the adjudication of claims to a common fund"; that plaintiffs were renters of the individual lockers in defendant's plant, each of whom had meat or other food products stored which were permitted to spoil and become unusable by reason of various negligent acts attributed to defendant; and prayed judgment against defendant for the various and several amounts in which they had been damaged.

Civil Rule 52.08(a) provides:

"If persons constituting a class are very numerous or it is impracticable to bring them all before the court, such of them, one or more, as will fairly insure adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * *

"(2) Several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; * * *."

Appellant contends, inter alia, that although the claims of the class members represented by named plaintiffs are "several," the adjudication of such claims does not and may not affect specific property involved in the action.

Respondents contend, inter alia, that "the object of the class action was a common fund being the indemnity policy which the appellant-defendant was required by statute to supply for the protection and benefit of the locker renters" and that "this is a hybrid class action and that such a suit 'has to do with plaintiffs and a claim to a common fund.' "

Thus it is clear that plaintiffs' theory below and here is that they are entitled to maintain the Neil case as a class action on the theory that the claim of each member of the class is several and, as we understand, the object of the action is to adjudicate those separate claims against specific property, viz., a common fund represented by the alleged Aetna insurance policy.

Aside from every other pertinent consideration, we do not understand how an insurance policy as such and standing alone, without reference to its terms and conditions or to whether it in fact was in effect, could constitute a "common fund" or "specific property involved in the action" which may be affected by the adjudication of the several claims of the members of plaintiffs' class. It is, of course, possible that if plaintiffs had adduced evidence which showed the terms and conditions of an Aetna insurance policy by means of which defendant had complied with section 196.510 (2), supra, and if plaintiffs had adduced evidence showing that the terms and conditions of such policy indemnified the plaintiffs' class members against the admitted losses, and that such policy provided that the aggregate amount of the losses sustained was to be paid to defendant Murphy as a common fund from which the several claims were to be satisfied, such proof, except for the reason hereinafter stated, perhaps would have been sufficient evidence to have shown that the case properly was brought as a class action under C.R. 52.08(a) (2).

The fact is, however, that not only did plaintiffs fail to make any such proof (they did not introduce the alleged policy or plead or prove its terms and conditions, effective dates, etc.), but what seems to us, in any event, to be an insurmountable obstacle to plaintiffs' position in the present posture of the Neil case, is that the ques-

tions whether the Aetna policy was in effect and whether by virtue of its terms and provisions a "common fund" should or would come into existence, properly could not be determined in the absence of Aetna as a party. Aetna's answer, which is a part of the present record, in effect denied any liability to defendant Murphy or to plaintiffs or the members of plaintiffs' class on any policy of insurance issued by Aetna or required by section 196.510(2). Plaintiffs dismissed as to Aetna without prejudice. Thus Aetna ceased to be a party and could not be adjudged liable to produce a "common fund" or "specific property involved in the action." It is true, as pointed out by plaintiffs, that the statute (§ 196.510(2)) mandatorily required the defendant to acquire locker content insurance for the benefit of locker users. It is likewise true that defendant admitted that he obtained such a policy from Aetna which was in full force and effect, and defendant Murphy testified that he carried insurance as required by the statute and that the insurance company had refused to pay any claim "we had." It was explained to the trial court by defendant's counsel that Aetna contended it was not liable under the provisions of the policy. But none of the foregoing aids plaintiffs in satisfying the noted requirement to show that by reason of an insurance policy there was in fact a "common fund" or "specific property involved in the action" which the adjudication of the "several" claims does or may affect.

It seems clear to us, therefore, that in the absence of Aetna as a party and an adjudication of whether and how and to what extent, if any, the policy in question affected the claims of the members of plaintiffs' class, we may only speculate and guess whether the Neil case could have been a class action under C.R. 52.08.

Inasmuch, however, as the present defendant, the locker plant operator, concedes that each of the named plaintiffs as well as each of the persons who constitute the alleged class did in fact sustain a monetary loss as a result of the spoilage of food stored in lockers in defendant's plant, we are of the view that we should remand the Neil case in part for such further proceedings, if any, as may be possible or appropriate.

The judgments in favor of each of the six plaintiffs in Case No. 49,086 are affirmed. The judgments in favor of the named plaintiffs in Case No. 49,087 are affirmed. The judgments in favor of all persons other than named plaintiffs in Case No. 49,087 are reversed and that case is remanded for such further proceedings, if any, as the parties may deem appropriate.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.